IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LARRY W. HOLLAND, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-cv-1085-MJR |
| | ) | |
| THE SCHWAN FOOD COMPANY, | ) | |
| SCHWAN'S HOME SERVICE, INC., | ) | |
| SCHWAN'S SHARED SERVICES, LLC, | ) | |
| and GARY YOUNG, | ) | |
| | ) | |
|     Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

    **A.**    **Introduction**

On November 17, 2009, Larry Holland filed suit in Illinois state court against The Schwan Food Company, Schwan's Home Service, Inc., Schwan's Shared Services, LLC, (collectively, "Schwan") and Gary Young seeking damages for retaliatory discharge and tortious interference with business opportunity or economic advantage. Holland alleges that he suffered a work-related injury on August 22, 2008. He exercised his rights under the Illinois Workers' Compensation Act, taking time off because of his work-related injuries and seeking medical care for them. On May 19, 2009, according to Holland, he was notified by his primary care physician that he would be able to return to work without restriction after a short period off for completing physical therapy. On May 20, 2009, Schwan terminated Holland from his managerial position.

In Count I of Holland's complaint, he alleges that Schwan terminated him from his managerial position in retaliation for exercising his rights under the Illinois Worker's Compensation Act. In Count II, Holland alleges that Gary Young, a management employee of

1

The Schwan Food Company, announced that Holland was being removed from his position and solicited co-employees to take Holland's job despite being aware that Holland expected to return to work after being released by his physician. Holland seeks compensatory and punitive damages.

On December 31, 2009, Schwan, with Young's consent, removed the action to this federal district court, alleging that the citizenship of Young, a nondiverse defendant, must be disregarded because he was fraudulently joined.[1]

Holland's motion to remand the action to state court is fully briefed and ready for disposition (Docs. 8, 9, 11).

### B. Standard for Fraudulent Joinder

Courts presume that a plaintiff's choice of forum is valid and resolve all doubts regarding jurisdiction in favor of remand. *See Doe v. Allied-Signal Inc.,* **985 F.2d 908, 911 (7th Cir. 1993)**. As an out-of-state Defendant seeking removal, Schwan must clear a high hurdle to show that Holland fraudulently joined Young. The Seventh Circuit has noted:

> An out-of-state defendant who wants to remove must bear a heavy burden to establish fraudulent joinder. The defendant must show that, after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant.

---

[1] The record shows that, for diversity purposes, Holland is a citizen of Illinois; The Schwan Food Company and Schwan's Home Service, Inc., citizens of Minnesota; Schwan's Shared Services, LLC, a citizen of Minnesota and Georgia; and Young, a citizen of Illinois. The Court notes that the parties do not dispute that an amount in excess of $75,000, exclusive of interest and costs, is in controversy. *See Meridian Sec. Ins. Co. v. Sadowski*, **441 F.3d 536, 543 (7th Cir. 2006)**. *See also Andrews v. E.I. Du Pont De Nemours & Co.*, **447 F.3d 510, 515 (7th Cir. 2006)**.

*Poulos v. Naas Foods, Inc.*, **959 F.2d 69, 73 (7th Cir. 1992)**.[2]

In *Schwartz v. State Farm Mutual Auto Ins. Co.*, **174 F.3d 875, 878 (7th Cir. 1999)**, the Seventh Circuit explained that although a plaintiff is normally free to choose his own forum, he may not join an in-state defendant *solely* to defeat federal diversity jurisdiction. "Such joinder is considered fraudulent, and is therefore disregarded, if the out-of-state defendant can show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'" *Id.* **(quoting *Poulos*, 959 F.2d at 73)**. In other words, the federal district court must determine whether the plaintiff can state a cause of action against the nondiverse defendant. *Gottlieb v. Westin Hotel Co.*, **990 F.2d 323, 328 (7th Cir. 1993)**.

As required by **28 U.S.C. § 1332**, complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen." *Howell v. Tribune Entertainment Co.,* **106 F.3d 215, 217 (7th Cir. 1997)**. Here, it is undisputed that Plaintiff Holland and Defendant Young are citizens of Illinois. Schwan claims - and must bear the burden of establishing - that Young was fraudulently joined.

Schwan contends that Holland has fraudulently joined Young because Holland failed to allege a duty owed to him by Young and, even if Holland could establish a duty owed him by Young, there is no possibility that he can state a cause of action for Tortious Interference with Business Opportunity or Economic Advantage.

---

[2] An alternative test looks for outright fraud in the plaintiff's pleading of jurisdictional facts. *Gottlieb v. Westin Hotel Co.*, **990 F.2d 323, 327 (7th Cir. 1993);** *Hoosier Energy Rural Elec. Cooperative, Inc. v. Amoco Tax Leasing IV Corp.*, **34 F.3d 1310, 1315 (7th Cir. 1994).** The Court finds no evidence of such fraud in the pleading of jurisdictional facts here.

Holland points out that an employee acting within the scope of his employment can be individually liable even where the employer is also vicariously liable. Holland asserts that he had a reasonable expectation of continued employment, that Young knew of this expectation and purposefully interfered with Holland's continued employment, and that as a result Holland was damaged.

Under Illinois law, to state a claim for intentional interference with prospective economic advantage or business relationship, a plaintiff must allege: "(1) the existence of a valid business relationship or expectancy; (2) the defendants' knowledge of plaintiff's relationship or expectancy; (3) an intentional and unjustified interference by the defendant inducing or causing a breach or termination of the expectancy; (4) damages to plaintiff resulting from such interference." ***James v. Intercontinental Hotels Group Resources, Inc*., 2010 WL 529444, \*3 (N.D.Ill. 2010) (citing *Anderson v. Vanden Dorpel,* 667 N.E.2d 1296, 1299 (Ill. 1996))**.

Holland has alleged these four elements. He had a business relationship with Schwan and had a reasonable expectation of returning to his former position after he recovered from his on-the-job injury. Young knew that Holland expected to return to work but, allegedly, purposefully interfered with that expectation by announcing that Holland was being terminated and seeking applicants for his position. Stated another way, Holland's business expectancy was continued employment in the same position, and, allegedly, Young induced a breach of that expectancy - his termination. *See* **James, 2010 WL 529444 at \*5**. Moreover, resolving all issues of fact and law in favor of Holland, the Court finds unconvincing Schwan's assertion that Young merely announced an "*open* position" and that his actions were "legitimate recruitment activities." In sum, Holland's allegations are sufficient at this stage to support a claim against Young.

Whether Holland can prevail on the merits of his claim against Young is not the question before the Court today and is a determination that must be made by the state court. No legitimate grounds exist to conclude that Young - the non-diverse defendant - is fraudulently joined.

### C. Conclusion

For the above-stated reasons, the Court **GRANTS** Plaintiff Larry Holland's Motion to Remand (Doc. 8) and **REMANDS** this case to the Circuit Court for Franklin County, Illinois.

**IT IS SO ORDERED.**

**DATED this 6th day of May, 2010**

                                          **s/Michael J. Reagan**
                                          **MICHAEL J. REAGAN**
                                          **United States District Judge**